IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

JUNG P. LEE,                                )
                                           )
            Plaintiff,                     )        TC-MD 150431N
                                           )
      v.                                   )
                                           )
MARION COUNTY ASSESSOR,                    )
                                           )
            Defendant.                     )        **FINAL DECISION OF DISMISSAL**

This Final Decision of Dismissal incorporates without change the court's Decision of

Dismissal, entered January 15, 2016. The court did not receive a statement of costs and

disbursements within 14 days after its Decision of Dismissal was entered. *See* TCR-MD 16 C(1).

This matter came before the court on Defendant's Answer, filed October 7, 2015, moving

the court to dismiss Plaintiff's Complaint for failure to timely appeal to the Marion County

Board of Property Tax Appeals. Plaintiff filed his Complaint on September 23, 2015, appealing

the real market value of personal property identified as Account P324326 (subject property) for

the 2014–15 tax year.[1] On December 7, 2015, Plaintiff filed a letter responding to Defendant's

motion to dismiss (Response). On December 17, 2015, Defendant filed a letter replying to

Plaintiff's response (Reply).

## I. STATEMENT OF FACTS

The pertinent facts are shown in Plaintiff's submissions. In the personal property return

he submitted to Defendant on March 10, 2014, Plaintiff identified the business at which the

subject property was located as a "restaurant" with the assumed business name of "Sunny's

---

[1] The Complaint stated the "assessed value" was incorrect and requested a reduction in value. Because the subject property's assessed value was equal to its real market value, this is a real market value appeal. *See* ORS 308.146(2) (with exceptions, assessed value equals lesser of maximum assessed value and real market value).

Burgers & Teriyaki." (Ptf's Response at 6.)  Defendant's Personal Property Report, dated February 5, 2015, included the name "Sunny's Burgers & Teriyaki" on the second line of the address.  (*Id*. at 4.)  That report listed the total real market value of the subject property as $24,072, of which nearly all—$23,112—was included on a row labeled "Misc Equipment Coin Laundry."  (*Id*.)  Defendant's 2014–15 Personal Property Tax Statement also included "DBA: Sunny's Burgers & Ter" in Plaintiff's address.  (*Id*. at 5.)

## II.    ANALYSIS

The preliminary issue is whether this court has jurisdiction to consider Plaintiff's appeal of the 2014–15 real market value of the subject property.

A.    *Taxpayer's Right to Appeal*

A taxpayer who has a claim that might be brought before a county board of property tax appeals generally must exercise that right before appealing to the Magistrate Division.  *See* ORS 305.275(3); ORS 309.110(7).[2]  Among the claims that may be brought before boards of property tax appeals are petitions for the reduction of a property's real market value.  *See* ORS 309.100(1); ORS 309.026(2)(b).  Such petitions must be filed no later than December 31 of the tax year appealed.  ORS 309.100(2).  A *tax year* is a 12-month period from July 1 through June 30.  *See* ORS 308.007(1)(c).

Here, Plaintiff has not appealed an order of the board of property tax appeals, although he was eligible to appeal the value of the subject property to the board.  Plaintiff's appeal of the subject property's 2014–15 real market value was due at the board of property tax appeals on December 31, 2014.  *See* ORS 309.100(2).  Because Plaintiff was eligible to appeal to the board

/ / /

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2013.

of property tax appeals, he has no right to appeal directly to this court under ORS 305.275. *See* ORS 305.275(3).

B.      *Court's Authority to Grant Relief under ORS 305.288*

Where a taxpayer has not timely pursued a statutory right to appeal, this court has limited authority to order a correction to the tax rolls. The court orders a correction to the tax roll where certain kinds of dwellings are overvalued by at least 20 percent. ORS 305.288(1). The court has discretion to order a correction to the tax roll for any type of property where it determines that the taxpayer's failure to timely appeal was due to "good and sufficient cause." ORS 305.288(3). Here, because the subject property was not a dwelling described in ORS 305.288(1)(a), the court could only have authority to order a tax roll correction if Plaintiff had good and sufficient cause for not timely appealing to the board of property tax appeals.

*Good and sufficient cause* is defined by ORS 305.288(5)(b):

"(b) 'Good and sufficient cause':

"(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and

"(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."

The two subparagraphs quoted immediately above show that an extraordinary circumstance— such as the provision of misleading information by an authorized tax official—is not by itself "good and sufficient cause" unless it "causes the taxpayer * * * to fail to pursue the statutory right of appeal[.]" ORS 305.288(5)(b)(A).

Here, Plaintiff's Response stated that a letter it received from Defendant dated November 27, 2015, "brought to [his] attention" that the subject property tax account "was for

the coin laundry and not for the restaurant." (Ptf's Response at 1.) Plaintiff stated that Defendant's "misfiling of the coin laundry and the restaurant * * * caused serious confusion on [his and his representative's] part." (*Id*.) Plaintiff stated that he "did not feel the need to write an appeal" for the subject property because he had "already file[d] the taxes for the restaurant." (*Id*.)

Defendant, in its Reply, stated that the subject property tax account was "the only property tax account Plaintiff *ever* had in Marion County. There are no, nor were there ever, separate tax accounts for the coin laundry and the restaurant." (Def's Reply at 1 (emphasis in original.) Defendant further stated that the restaurant name in the address of the property tax statement was provided to it by Plaintiff on the subject property's 2014–15 personal property return. (*Id*. at 2; *see also* Ptf's Response at 6.)

The circumstances alleged by Plaintiff do not amount to "good and sufficient cause" for failing to timely appeal. Any confusion caused by a restaurant name appearing in the address of the subject property's tax statement was due to Plaintiff, not Defendant, because it was Plaintiff who provided that restaurant name in the subject property's 2014–15 personal property return. (*See* Ptf's Response at 6.) Furthermore, Plaintiff appealed the tax roll values as found on the subject property's 2014–15 tax statement to this court—Plaintiff clearly was able to determine that he objected to those values, with or without the restaurant name in the address. Plaintiff has not explained why he did not timely appeal those values to the board of property tax appeals instead of this court.

III. CONCLUSION

Upon consideration, the court grants Defendant's motion to dismiss. Plaintiff did not timely petition the board of property tax appeals for the 2014–15 tax year, and has not shown

good and sufficient cause for failing to do so.  The court lacks jurisdiction to order relief in this case.  Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's motion to dismiss is granted. Plaintiff's Complaint is dismissed.

Dated this ___ day of February, 2016.


_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision of Dismissal, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on February 1, 2016.*